27 C.C.P.A.(Patents)

**In re GREGORY et al.**
**Patent Appeal No. 4433.**

Court of Customs and Patent Appeals.
June 24, 1940.

Pennie, Davis, Marvin & Edmonds, of New York City (W. Brown Morton, of New York City, Clarence M. Fisher, of Washington, D. C., and Raymond B. Can-

field, of New York City, of counsel), for appellants.

Howard S. Miller, of New York City, for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

Appellants filed in the United States Patent Office a reissue application for a patent on certain alleged new and useful improvements in electromotors.

Twelve claims were allowed and five rejected by the examiner. Upon appeal the Board of Appeals affirmed the decision of the examiner with respect to claims 19 and 20, holding these claims to be unpatentable in view of the prior art, and from the decision of the board this appeal was taken.

The rejected claims read as follows:

"19. In an animated advertising device, the combination of a rotatable shaft, a display arm fixed to said shaft, and means to impart to said shaft an oscillatory movement comprising a pendulum attached to said shaft having a sector shaped armature, a solenoid cooperating with said armature, and means for intermittently opening and closing the circuit though the solenoid to cause said pendulum and said display arm to oscillate.

"20. In an animated advertising device, the combination of a pivoting support, a display arm carried by said support, and means to impart to said display arm an oscillatory movement comprising a pendulum carried by said pivoting support having a sector-shaped armature, a solenoid co-operating with said armature and means for intermittently opening and closing the circuit through said solenoid to cause said pendulum and said display arm to oscillate."

The references relied upon are as follows:

Wengelin (British), 7,082, March 25, 1909.

Call, 1,656,557, January 17, 1928.

Predhumeau (French), 656,688, January 5, 1929.

Appellants' alleged invention relates to electromotors of the kind adapted to produce oscillating motion for actuating animated advertising devices.

The patent to Wengelin relates to an electromotor of the oscillatory type adapted to supply motive power for the swinging of a bell.

The Call patent relates to display apparatus, the object being to provide a sign or picture upon which liquid appears, a portion of the liquid being given the simulation of motion. In this patent a motor, through a linkage system, causes a pendulum to oscillate, which oscillating causes a plate below which the pendulum is suspended to move back and forth.

The Predhumeau patent relates to a luminous signalling apparatus and an optical system in which are lenses carried by a pendulum that is swung back and forth by means of a solenoid motor having a sector shaped armature.

The examiner rejected the involved claims as being fully met by the Wengelin patent, and also as being unpatentable over the Call patent in view of the Wengelin patent and over the Wengelin patent in view of the Call patent. The examiner further rejected the involved claims as unpatentable over the Call patent in view of the Predhumeau patent.

The Board of Appeals in affirming the decision of the examiner stated as follows: "As to claims 19 and 20, it is our opinion that there was no invention in employing the motors of the foreign references for oscillating a display arm, particularly in view of the fact that it was old to employ a motor for this purpose, as shown in Call."

It is not necessary to discuss the claims involved here separately. They were not separately considered below nor in the briefs before us. Appellants have correctly stated in their brief that the single question to be decided by us is whether or not the involved claims are patentable over the references.

Motor driven animated advertising posters were old in the art prior to the date of appellants' original application in 1930. Oscillating solenoid motors were likewise old, as shown by the foreign references.

There can be no doubt but that the moving portion of the display disclosed by the Call patent could be actuated by an oscillating solenoid motor, and also that a display arm could be actuated by the Call apparatus. We do not think that it would involve the exercise of invention to substitute for the straight reciprocating type of solenoid motor with its connections, shown in the Call patent, the oscillating solenoid motor disclosed in the foreign references. It would be a mere change of

840

type of motive power and surely would be obvious to one skilled in the art.

Appellants contend that it involves invention to combine an oscillating solenoid motor and an advertising device having a swinging arm directly attached to the motor shaft. With respect to this contention, the examiner, in his first ground of rejection of claims 19 and 20, stated: "* * * The applicant is of the opinion that these claims distinguish from the reference because they are directed to the combination of motor elements, and the movable portion of a display device, namely; the display arm. It has been held, however, that these claims do not in fact define a combination but are properly limited to the motor per se, and for the following reasons: It has long been held that an introductory clause such as 'In an animated advertising device' is not a limitation upon a claim when the remaining portions of the claim in no way depends upon it, but is merely descriptive of a favored use. This phrase imports nothing by way of structural elements into any of the claims, the remaining portion of each, are not at all dependent upon it, they can exist apart from it, and are therefore independent of it. The next question is whether or not the word 'display' is merely descriptive of the arm or an actual limitation as to the type of arm. As a general rule the motor is considered independent of the particular load it is adapted to drive, and the presence of such a word 'display' in the claim is merely to define the useful purpose to which the patentee intended his device to be devoted. A 'display arm' is not distinguishable as far as the motor art is concerned from any other type of arm and consequently places no limitation on this claim."

This reasoning of the examiner appears to be sound. In re Beplate et al., 77 F.2d 506, 22 C.C.P.A., Patents, 1232; In re Walker et al., 99 F.2d 976, 26 C.C.P.A., Patents, 739.

It may be true that appellants were the first to fix directly to the shaft of an oscillating solenoid motor the display arm of a moving advertising device, but this of itself is not sufficient to lend patentability to the claims on appeal. It would only, in our opinion, require the exercise of mechanical skill to secure the sector shaped armature of the Predhumeau patent to the pendulum arm of the Call patent. The armature and coil would perform the exact function of oscillation in the Call device

that it does in the apparatus of Predhumeau. Since a display arm in the motor art appears to be no different from any other type of arm, the Call patent provided with such an arm together with the motor of either of the foreign patents in our opinion renders the alleged combination set out in the claims unpatentable over the prior art.

Appellants, in their brief, point out that claims 19 and 20 were allowed originally and appeared in their patent, but make no contention that they should be allowed here, except that the said claims are patentable over the prior art herein. They could make no other contention since the present application is a reissue application and since under Rule 90, Rules of Practice of the United States Patent Office, the original claim if reproduced in the reissue application is subject to reexamination.

The decision of the Board of Appeals is affirmed.